UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| URSULA KREITHIAN JOHNSON-POTTS,<br><br>    Plaintiff,<br><br>-vs-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and AFFIRM, INC.,<br><br>    Defendants. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, URSULA KREITHIAN JOHNSON-POTTS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and AFFIRM, INC. (hereinafter "Affirm") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Georgia; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Affirm is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its

registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14. Affirm is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Affirm furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to Affirm, partial account number WLQN*, as to an unsecured loan (hereinafter "Affirm Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the Affirm Account.

17. Upon information and belief, Plaintiff is a victim of identity theft.

18. On or about May 6, 2024, Plaintiff received an email from Affirm confirming a loan in the amount of $797, but Plaintiff did not apply for a loan from Affirm.

19. Immediately on May 6, 2024, Plaintiff contacted Affirm and disputed the Affirm Account and submitted a fraud affidavit.

20. On or about May 26, 2024, Affirm provided Plaintiff with case ID 28192231.

4

21. On or about July 31, 2024, Plaintiff received a response from Affirm which stated the investigation was completed, and Affirm determined Plaintiff was responsible for the fraudulent Affirm Account.

22. On or about August 14, 2024, Plaintiff filed a police report with the Lee County Sheriff's Office regarding the fraud and identity theft.

23. On or about October 24, 2024, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed the Affirm Account was reported with a status of past due and balance of $880.

24. Due to the inaccurate reporting, on or about November 19, 2024, Plaintiff mailed a detailed dispute letter to Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the Affirm Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Lee County Sheriff's Office, and other supporting documents.

25. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail, tracking number 9589 0710 5270 1122 1101 24.

26. On or about December 18, 2024, Plaintiff received dispute results from Experian which stated the Affirm Account was verified as accurate and remains.

27. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

28. Experian never attempted to contact Plaintiff during the alleged investigation.

29. Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

30. Due to the continued inaccurate reporting, on or about December 31, 2024, Plaintiff mailed a second detailed dispute letter to Experian. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and that the Affirm Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Lee County Sheriff's Office, and other supporting documents.

31. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail, tracking number 9407 1112 0620 6852 9802 56.

32. Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian continues to report the erroneous Affirm Account in Plaintiff's

6

credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

33. Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

34. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

35. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv. Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

36. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38. Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

39. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

40. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

41. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

42. Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Lee County Sheriff's Office, which contained sworn testimony of the fraud.

43. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Willful)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

47. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

49. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

51. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

52. Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Lee County Sheriff's Office, which contained sworn testimony of the fraud.

53. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

57. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

60. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

63. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

64. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

67. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Affirm, Inc. (Negligent)

70. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

71. Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

72. After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

73. Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was erroneous.

74. Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

75. Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

76. As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77. The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual damages against Defendant, AFFIRM, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Affirm, Inc. (Willful)**

79. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

80. Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

81. After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82. Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was erroneous.

83. Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

84. Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

85. As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86. The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87. Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, URSULA KREITHIAN JOHNSON-POTTS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and AFFIRM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of December 2024.

Respectfully submitted,

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*